891 F.2d 1071
 The UNITED STATES, Appellee,
v.
Joseph F. ROSA, William A. Kostrick, Martin R. Antonelli,
Daniel J. Campbell, Paul F. Connelly, Jr., William Anthony
Dadamo "Machine Gun Tony", Vivian Davis, Jorge Diaz, William
Edgar Gates "Butch", Donna Marie George, Susan Francis
George, Raymond G. Ily, Gary Francis Jones "Spanky", Larry
H. Linn, James Luketic "Lukey", Victor E. Marchitello,
Richard Wayne Naugle, Mark D. Nicklow, Robert William Noble,
Timothy O'Conner, Perry C. Perrino, Ronald R. Plisco "Sam
Catalano", "Fat Sam", Charles H. Readel, Richard Reshenberg,
Dino Romano, William Duane Smith, Richard A. Stefanik
"Wrinkle", Diania Lynn George Wertz "Dee Dee Wertz".
Appeal of Mark NICKLOW.
 No. 88-3742.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant to Third Circuit
Rule 12(6) June 8, 1989.
 Decided Dec. 8, 1989.
 
 Charles D. Sheehy, Acting U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.
 Victor H. Pribanic, McKeesport, Pa., for appellant.
 Before BECKER, STAPLETON and GARTH, Circuit Judges.
 GARTH, Circuit Judge:
 
 
 1
 Two issues are presented in this appeal, and each can be disposed of with relatively little discussion. The first is whether the district court for purposes of sentencing was required to resolve factual differences between Nicklow's and the government's versions of the offense. The second is whether Nicklow is entitled to Jencks Act (18 U.S.C. § 3500) material at the time of sentencing even where no witnesses were called by the government to testify.I.
 
 
 2
 Appellant Mark Nicklow, a former police officer for the Borough of North Versailles was one of 28 people indicted in a 113 count indictment relating to narcotics, firearms and tax fraud. Nicklow eventually pled guilty to one count of violating 21 U.S.C. 841(a)(1) (distribution of cocaine) and one count of 26 U.S.C. § 7206(1) (filing a false federal income tax return). On October 19, 1988, Nicklow was sentenced to a term of ten years of imprisonment followed by a special parole term of five years.
 
 
 3
 At his sentencing hearing two different versions of the underlying events were presented. The government claimed that Nicklow had frequently engaged in conduct which endangered the safety of his fellow officers in that he had provided his co-conspirators with law enforcement information. The pre-sentence report alleged that Nicklow had disclosed information that led, or could have led, to the disclosure of the identity of undercover members of other law enforcement organizations and suggested that Nicklow's conduct was life threatening to other narcotics officers.
 
 
 4
 On the other hand, Nicklow filed a statement denying that he had ever endangered any of his fellow officers through his involvement with the conspiracy. He maintained that he had only obtained information as to motor vehicle ownership for his co-conspirators and that he had bought cocaine, not for profit, but as a favor for his close friends. The statement that he filed denied each of the following:
 
 
 5
 1. That the defendant herein gave information entrusted to him in his capacity as a police officer to individuals involved in a conspiracy alleged in the captioned action;
 
 
 6
 2. That the defendant was a serious gambler and/or associated with numbers writers in the Pittsburgh area;
 
 
 7
 3. That the defendant spent a significant amount of time at the Wall Hotel in the company of Robert George or other persons involved in the conspiracy;
 
 
 8
 4. That the defendant ever knowingly gave any information obtained by using the NCIC computer located at the North Versailles Township Police Department to any individual involved in the conspiracy which reflected in any way that the information contained therein pertained to any law enforcement officer of any state or federal agency, or in fact ever supplied information to any person which actually disclosed the fact that any information obtained through use of the NCIC computer reflected that any vehicle was registered or being used by any law enforcement officer who was a member of any state or federal law enforcement agency; or,
 
 
 9
 5. That the defendant at any time disclosed the identity, existence, or participation of any law enforcement officer employed by any state or federal agency to any member of the conspiracy during the course of the alleged conspiracy.
 
 
 10
 Thus, the conflicting claims as to whether, and what, information had been imparted by Nicklow to his co-conspirators were put in issue by the government's version of Nicklow's conduct and Nicklow's denial of that version.
 
 II.
 
 11
 Fed.R.Crim.P. 32(c)(3)(D) provides that where facts alleged in the pre-sentence investigation report are controverted by the defendant, the district court shall either make a finding of fact resolving the conflicting allegations or provide a written determination that a finding is not necessary. The text of the Rule reads as follows:
 
 
 12
 (D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 13
 We held in United States v. Gomez, 831 F.2d 453 (3d Cir.1987), that where the District Court had failed to comply with Fed.R.Crim.P. 32(c)(3)(D), the sentence of the defendant had to be vacated. In so holding, we stated:
 
 
 14
 Where the fact at issue is one that would normally affect the sentencing decision, subsequent users of a presentence report are likely to infer that the judge credited that fact unless the judge states otherwise. Id. at 457.
 
 
 15
 Here, the district court neither resolved the disputed facts nor did it state that it would not rely on those facts which were in dispute. The district court instead declared that both the government's version and Nicklow's version had been made part of the presentence report and were to remain part of the report:
 
 
 16
 THE COURT: Now, of course, the Government has the opportunity to present their version of the offenses as well as the defendant has an opportunity to present their version of the offense. Both versions are made part of the presentence report and remain part of it. Those are not the facts. Those are versions of the offense as set forth by both the Government and the defendant. However, there are other matters set forth in the presentence report which are factual in nature. If you wish to challenge those, now is your opportunity to do that.
 
 
 17
 [DEFENSE COUNSEL]: I don't believe we have to take any issue with any of the background facts with reference to Mr. Nicklow's family history and employment history, Your Honor.
 
 
 18
 THE COURT: Any evidence that you would like to present or information or comments that you would like to make including having any evidence you have in support of the version and the problems you had with the Government's version, now is your opportunity to present that.
 
 
 19
 Although Nicklow thereafter testified, the district court failed to make the findings required under Fed.R.Crim.P. 32(c)(3)(D). Despite Nicklow's denials, the district court, without making the requisite findings, apparently accepted the government's position that Nicklow had provided his co-conspirators with law enforcement information. The court stated:
 
 
 20
 THE COURT: Mr. Nicklow, as a police officer, you were charged with upholding the law. Instead, you became a drug trafficker and aided criminals in the attainment of their illegal goals by providing them with information as to other law-enforcement agency activities. These actions not only violated the trust put in you by the citizens but endangered the lives of other law-enforcement officers. You must be punished for this. (App. p. 79)
 
 
 21
 By failing to comply with Fed.R.Crim.P. 32(c)(3)(D) and the requirements specified in United States v. Gomez, 831 F.2d 453 (3d Cir.1987), the District Court erred. Indeed, that error was recognized as well on this appeal by the government, whose brief states:
 
 
 22
 In this case, the district court's comments just prior to sentencing suggest that the court accepted the government's version. Yet, the court did not make specific findings. Nor did the court append its comments to the pre-sentence report in accordance with Rule 32(c)(3)(D). Thus, we do not oppose this Court's vacating appellant's sentence and remanding the case for resentencing. (Emphasis added) (Government brief, p. 9)
 
 
 23
 On this record, we are therefore obliged to vacate Nicklow's sentence and remand for resentencing.[1]III.
 
 
 24
 Nicklow's second contention is that "the trial court erred in refusing to permit the appellant to review Jencks Act material to verify or disprove facts set forth in the presentence report." In an opinion filed today, we have held that even though the Jencks Act, on its face, appears to restrict the furnishing of Jencks Act material to the trial proceeding, we have now required that such material also be furnished at sentencing hearings where government witnesses testify, because we perceive no difference in the purposes served. See 891 F.2d 1074 (3d Cir. 1989).
 
 
 25
 In extending the Jencks Act to post-trial sentencing hearings, however, we held that it is only when the government calls witnesses to testify at a sentencing hearing that the prior statements, reports, or testimony of its witnesses must be furnished to the defendant. In the present case, the government called no witnesses to testify; hence, Nicklow cannot obtain relief based upon our Plisco holding.
 
 IV.
 
 26
 We will vacate Nicklow's sentencing and remand to the District Court for proceedings consistent with the foregoing opinion.
 
 
 
 [1]
 Nicklow contends that on remand his case should be assigned to a different judge for resentencing, claiming that because the district court judge who originally sentenced him
 has previously expressed a very strong opinion based on its apparent acceptance of the government's version of the Appellant's conduct, reassignment to the same judge would clearly create the problems discussed [in Nicklow's brief].
 We have held that in order to remand to a new judge for sentencing, bias or prejudice must be alleged; 28 U.S.C. § 144. As the Supreme Court stated in Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921), "bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case" and the disqualification statute "was never intended ... to enable a discontented litigant to oust a judge because of adverse rulings." This is the standard we used in Cipollone v. Liggett Group, 822 F.2d 335, 347 (3d Cir.1987).
 Nicklow, however, asks that we adopt the four-factor analysis of United States v. Robin, 553 F.2d 8 (2d Cir.1977). We need not adopt or reject the Robin standard in this case for the same reasons that we have given in earlier cases. See United States v. Baylin, 696 F.2d 1030 (3d Cir.1982) and United States v. Heubel, 864 F.2d 1104 (3d Cir.1989). Even assuming the applicability of the Robin factors, the arguments made by Nicklow do not satisfy those factors which would dictate remand to a different judge. Moreover, for essentially the same reason, Nicklow's arguments must also fail under the Cipollone standard recited above.