104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Edward HUGHES, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-6070.
 United States Court of Appeals, Second Circuit.
 Nov. 8, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Amon, Judge).
 Appearing for Appellant: Edward Hughes, pro se, Flushing, New York.
 Appearing for Appellee: Elliot M. Schachner, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED.
 Present OAKES, VAN GRAAFEILAND and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Edward Hughes appeals from Judge Amon's affirmance of a denial of Social Security disability benefits. Hughes, who had been employed as a bus driver, applied for Social Security disability insurance benefits and supplemental security income payments, alleging that he had become disabled from low back pain. His application was denied initially and on reconsideration. Hughes represented himself at the ensuing hearing. The administrative law judge ("ALJ") found Hughes not to be disabled. Hughes's request for review was denied but was later remanded for a second hearing pursuant to the settlement agreement in Stieberger v. Sullivan, 792 F.Supp. 1376 (S.D.N.Y.), modified, 801 F.Supp. 1079 (S.D.N.Y.1992). The second hearing was held before the same ALJ, and Hughes was represented by counsel. The ALJ once again found Hughes not to be disabled and the Appeals Council denied review.
 
 
 4
 On this appeal, Hughes claims that it was error to hold his second hearing before the same ALJ that conducted the first hearing. He also argues that "possible mental impairments" in combination with the back pain render him disabled. At oral argument Hughes also adverted to what he regards as the insufficient weight given by the ALJ and district court to the opinion of his chiropractor.
 
 
 5
 As to the first argument, the district court correctly noted that no regulation or statute requires that a hearing on remand be before a different ALJ, and we see no other reason to depart from the general rule in this case. Cf. United States v. Robin, 553 F.2d 8, 10 (2d Cir.1977) (per curiam) (outlining factors to be considered by appeals court in determining whether further proceedings should be conducted before different judge).
 
 
 6
 As for the second argument, Hughes raises it for the first time and without any supporting medical evidence. We therefore decline to consider it. See, e.g., Hutton Const. Co. v. County of Rockland, 52 F.3d 1191, 1193 (2d Cir.1995); United States v. Int'l Bhd. of Teamsters, 998 F.2d 120, 126 (2d Cir.1993); Kraebel v. New York City Dep't of Hous. Preservation & Dev., 959 F.2d 395, 401 (2d Cir.), cert. denied, 506 U.S. 917 (1992).
 
 
 7
 Regarding the weight to be accorded to the chiropractor's evidence, we see no conflict between the ALJ's decision and Diaz v. Shalala, 59 F.3d 307, 314 (2d Cir.1995). Diaz merely says that a trier may give significant weight to the opinion of a chiropractor, not that it must give it such weight. Id. Accordingly, we conclude that the district court was correct in holding that the ALJ's finding of no disability is supported by substantial evidence.
 
 
 8
 We have examined the record and find no manifest injustice in the ALJ's or the district court's decisions.
 
 
 9
 We therefore affirm.