**Joseph A. MAGGIPINTO, Plaintiff**

v.

**Michael J. ASTRUE,[1] Commissioner of Social Security, Defendants.**

**Case No. 3:06–CV–707 (RNC).**

United States District Court, D. Connecticut.

Aug. 10, 2007.

---

1. Effective February 12, 2007, President Bush appointed Michael J. Astrue to serve as Commissioner of Social Security, succeeding JoAnne B. Barnhart. Pursuant to Rule 25(d)(1), Fed.R.Civ.P., the Court substitutes Michael J. Astrue for the Commissioner of Social Security as defendant in this action.

Ivan Michael Katz, Law Offices of Ivan M. Katz, New Haven, CT, for Plaintiff.

Ann M. Nevins, U.S. Attorney's Office, Bridgeport, CT, for Defendants.

### RULING AND ORDER

ROBERT N. CHATIGNY, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits. Plaintiff has moved for

an order reversing the decision of the Commissioner, remanding the matter for a new hearing before a different ALJ and approving an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant has also moved for an order reversing and remanding the matter to the Commissioner, but does not consent to a remand before a different ALJ.

■ Plaintiff argues that remand to a new ALJ is necessary because the original ALJ made a number of erroneous findings, including an adverse finding on plaintiff's credibility, failed to follow the Appeals Council's instructions, and summarily cut off plaintiff's questioning of Dr. Axline, the orthopedist who testified at the hearing. Defendant responds that plaintiff has waived the bias claim by failing to raise it with the Appeals Council,[2] that plaintiff's representative was given adequate opportunity to question Dr. Axline[3] and that ALJ Thomas's erroneous findings, without more, fail to show bias.

■ The selection of a new ALJ on remand is a decision ordinarily reserved for the Commissioner. *Travis v. Sullivan,* 985 F.2d 919, 924 (7th Cir.1993). However, courts remanding cases have ordered that a new ALJ be assigned in certain circumstances. *See Miles v. Chater,* 84 F.3d 1397, 1401 (11th Cir.1996) (ALJ expressed bias against plaintiff's examining physician); *Ventura v. Shalala,* 55 F.3d 900, 905 (3d Cir.1995) (ALJ expressed impatience and hostility to plaintiff and his representative); *Kolodnay v. Schweiker,*

680 F.2d 878 (2d Cir.1982) (ALJ failed to adequately consider medical evidence).

The Second Circuit has suggested that the factors outlined in *United States v. Robin,* 553 F.2d 8, 10 (2d Cir.1977), which are used to determine whether a resentencing should be assigned to a new judge, also apply to social security disability cases. *Hughes v. Chater,* No. 96–6070, 1996 WL 649352, *1 (2d Cir. Nov. 8, 1996); *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130 (2d Cir.2007) (relying on *Robin* in a civil case); *Huang v. Gonzales,* 453 F.3d 142, 151 (2d Cir.2006) (relying on *Robin* in an immigration case).

■ The *Robin* factors include: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." 553 F.2d at 10.

In this case, all three factors weigh in favor of requiring that the matter be assigned to a new ALJ. The parties seem to agree that ALJ Thomas's findings concerning plaintiff's residual functional capacity and nonexertional impairments are erroneous, defendant concedes that the ALJ "ultimately erred in reconciling the numerous medical source opinions" (Def. Reply Supp. Remand 5 n.4), and the ALJ's

---

**2.** Defendant's waiver argument depends on a theory of "issue exhaustion" which is not required in disability cases. *Sims v. Apfel,* 530 U.S. 103, 112, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). Accordingly, plaintiff's bias claim is properly raised here.

**3.** After reviewing the applicable portion of the hearing transcript, I conclude that ALJ Thomas gave plaintiff adequate opportunity to question Dr. Axline. Plaintiff's representative asked Dr. Axline the same question twice, the ALJ gave plaintiff's representative yet a third opportunity to ask the question, whereupon plaintiff's representative proceeded to question the witness on other issues. (Tr. 719–721.)

negative credibility determination is seriously disputed. The remand will require a new determination of "essentially the[se] same problems and require application of the same criteria." *Robin,* 553 F.2d. at 10. Even assuming ALJ Thomas could put his prior findings aside, the appearance of justice would be well-served by assigning the matter to a new ALJ on remand, particularly in view of ALJ Thomas's negative credibility finding against the plaintiff. *See Shcherbakovskiy, supra,* at 141–42 (civil case reassigned on remand when the original judge rendered an adverse judgment on appellant's personal credibility); *Cullen v. United States,* 194 F.3d 401, 408 (2d Cir.1999) (criminal case reassigned to new judge for resentencing proceeding when the original judge found the defendant not credible). There is nothing unusual about the case that weighs against reassignment to preserve the appearance of fairness. Accordingly, I conclude that a remand to a new ALJ is appropriate.

 Plaintiff requests attorney's fees under the EAJA. A fee award is potentially available when remand is ordered under sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer,* 509 U.S. 292, 300, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). However, an "EAJA application may be filed until 30 days after a judgment becomes 'not appealable'-i.e., 30 days after the time for appeal has ended." *Id.* at 302, 113 S.Ct. 2625. As the government has 60 days to appeal the Court's entry of judgment, Fed. R.App. P. 4(a), plaintiff's application is premature. Accordingly, plaintiff's request for attorney's fees under the EAJA is denied without prejudice to renewal after the appropriate interval.

For the foregoing reasons, plaintiff's motion to reverse and remand the decision of the Commissioner (doc. # 8) is granted in part; defendant's motion to reverse and remand the decision of the Commissioner (doc. # 9) is denied. Judgment under sentence four of § 405(g) will enter in favor of plaintiff. The Clerk may close the case.

So ordered.