UNITED STATES of America, Appellee,

v.

Raymond ROBIN, Defendant-Appellant.

No. 951, Docket 76–1033.

United States Court of Appeals,
Second Circuit.

March 30, 1977.

Frederick T. Davis, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, New York City, of counsel), for appellee.

Joseph I. Stone, New York City, for defendant-appellant.

Before KAUFMAN, Chief Judge, and FEINBERG, MANSFIELD, MULLIGAN, OAKES, TIMBERS, GURFEIN, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

Appellee's petition for rehearing has been denied by the panel which heard the appeal. In response to a request by one member of the court for a rehearing of the appeal *en banc*, a majority has voted against such a rehearing. However, we unanimously consider it appropriate, since the propriety of our exercise of power under Title 28 U.S.C. § 2106 to direct that the case be assigned to a different judge for resentencing has been questioned, *sua sponte* to review the factors that should be considered in exercising that authority. Because our expressions on the subject have been fragmentary, an erroneous impression may have been left as to our reasons for such directions in a few cases.

As a general rule, cases sent back to a district court for further proceedings are remanded without any directions or suggestions as to the judge before whom they are to be conducted. That matter is properly left to the district court.[1] However, in a

---

1. Throughout the Second Circuit resentencing, in the absence of directions to the contrary by this court, is usually conducted upon remand by the same judge. However, the practice with respect to retrials varies between districts.

Retrials in the Eastern District of New York are automatically assigned to a different judge, see E.D.N.Y. Local Rule 2(d)(2). In the Southern District of New York, although there is no formal rule on the subject, the judge before whom the case was first tried is by custom given the option of requesting the Assignment Committee to reassign the case to another judge for retrial. In Connecticut the practice is to reassign retrials to a different judge.

As might be expected, the remaining districts (N.D.N.Y., W.D.N.Y. and Vermont), because of their few available judges, have no rule or practice with respect to the assignment of retrials, which are handled on a case-by-case basis, with the original judge usually sitting upon the retrial.

**10**

few instances there may be unusual circumstances where "both for the judge's sake and the appearance of justice," see *United States v. Schwarz*, 500 F.2d 1350, 1352 (2d Cir. 1974), an assignment to a different judge "is salutary and in the public interest, especially as it minimizes even a suspicion of partiality", see *United States v. Simon*, 393 F.2d 90, 91 (2d Cir. 1968). In such circumstances our remand does not imply any personal criticism of the trial or sentencing judge.

▆ Absent proof of personal bias requiring recusal, Title 28 U.S.C. § 144, the principal factors considered by us in determining whether further proceedings should be conducted before a different judge are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

▆ Where a judge has made detailed findings based on evidence erroneously admitted or factors erroneously considered, the circumstances sometimes are such that upon remand he or she either cannot reasonably be expected to erase the earlier impressions from his or her mind or may tend to lean over backwards or overreact in an effort to be fair and impartial. A new fact-finder would not labor under any such handicap. See, e. g., *Halliday v. United States*, 380 F.2d 270, 272–74 (1st Cir. 1967) (sentencing judge should not normally con-

duct hearing upon § 2255 petition challenging validity of his prior determination that guilty plea was voluntary). The seriousness of this problem in any particular case will depend upon a number of factors, including the nature of the proceeding, the firmness of the judge's earlier-expressed views or findings, and the reasons for the reversal. Upon remand for a retrial, an additional factor bearing upon whether to reassign to another judge is whether the retrial will be before the judge as a fact-finder or sitting with a jury. See *O'Shea v. United States*, 491 F.2d 774, 779 (1st Cir.), overruled as to a different holding, *Wingo v. Wedding*, 418 U.S. 461, 473, n. 19, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). Where the judge sits as the fact-finder, reassignment is the preferable course, since it avoids any rub-off of earlier error. A classic example is the retrial of a criminal non-jury case resulting from a reversal attributed to the erroneous denial of a motion to suppress evidence, where reassignment is essential to preclude any possible consideration being given upon retrial to the suppressed evidence. No such problem is usually confronted upon retrial before a different jury.[2]

A resentencing necessitated by the judge's erroneous consideration of certain matters or failure to take others into consideration may involve essentially the same problems and require application of the same criteria. See, e. g., *United States v. Stein*, 544 F.2d 96 (2d Cir. 1976) (reassignment where original judge erroneously assumed that a presentence report recommended confinement when in fact it suggested probation and the sentencing judge expressed firm views on the defendant's incorrigibility); *United States v. Schwarz*, 500 F.2d 1350, 1352 (2d Cir. 1974) (erroneous impression that only a specific class of per-

**2.** Upon retrial of a criminal case, the district court must decide whether the judge who sat upon the first trial is precluded, because he has read the defendant's presentence report, from sitting on the second trial by the Supreme Court's decision in *Gregg v. United States*, 394 U.S. 489, 491–92, 89 S.Ct. 1134, 22 L.Ed.2d 422 (1969). Although the Ninth Circuit has indicated that the judge is thereby automatically

disqualified, *United States v. Park*, 521 F.2d 1381 (9th Cir. 1975); *United States v. Montecalvo*, 533 F.2d 1110, 1113 (9th Cir. 1976), and the Third Circuit favors confining *Gregg* to its own peculiar facts, see *United States v. Small*, 472 F.2d 818, 820–21 (3d Cir. 1972), we have not yet been called upon to consider the extent of *Gregg's* applicability in this context.

sons qualified for treatment as young adult offenders under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005, et seq.); *United States v. Rosner*, 485 F.2d 1213, 1231 (2d Cir. 1973), *cert. denied*, 417 U.S. 950, 94 S.Ct. 3080, 41 L.Ed.2d 672 (1974) (failure of sentencing judge to afford sufficient time to defense counsel to rebut a memorandum received from United States Attorney outlining in detail alleged misconduct on the part of the defendant). Other circuits have applied these same principles. See *Mawson v. United States*, 463 F.2d 29, 31 (1st Cir. 1972) (refusal by sentencing judge to permit United States Attorney to make recommendation for leniency based on defendant's cooperation); *United States v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1974) (expressions by sentencing judge with respect to his sentencing policy in draft evasion cases, which bordered on personal bias).

■ In the rare case where a judge has repeatedly adhered to an erroneous view after the error is called to his attention, see, e. g., *United States v. Brown*, 470 F.2d 285, 288 (2d Cir. 1972) (court twice used improper sentencing procedure), reassignment to another judge may be advisable in order to avoid "an exercise in futility [in which] the Court is merely marching up the hill only to march right down again," *United States v. Tucker*, 404 U.S. 443, 452, 92 S.Ct. 589, 594, 30 L.Ed.2d 592 (1972) (Blackmun, *J.*, dissenting). However, whether or not to reassign resentencing to a different judge may also turn on whether it follows a trial or a guilty plea. A judge who has presided over a lengthy trial often gains an intimate insight into the circumstances of the defendant's crime, which may prove uniquely useful in determining the sentence to be imposed, whereas no such reason would normally exist upon sentencing after a guilty plea.

■ Against these general rules for the preservation of the appearance of fairness must be balanced countervailing considerations of efficiency and feasibility. Where the original judge has gained familiarity with a detailed factual record, which is vital to the determination to be made on remand, and the reversal is not based on erroneous findings or the admission of prejudicial evidence that would be difficult to erase from the mind, the case may properly be remanded to the original trial judge, since assignment to a different judge would only entail wasteful delay or duplicated effort. Similarly, the practical problem posed in obtaining another judge to sit upon a retrial or resentencing in a one or two-judge district is a factor that must be weighed in the balance. See generally *O'Shea v. United States, supra*, at 778–80 (1st Cir. 1974).

We do not here treat the far more sensitive issue of when mandamus may lie to require the recusal of a district judge for personal bias. Compare *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968). Rather our object is simply to set forth those guidelines considered in deciding whether to remand for retrial or resentencing before a different judge and to assure that no personal criticism of the original judge is involved.

Judges Oakes, Timbers and Meskill, while concurring in the foregoing principles, believe that their application to the facts of this case does not warrant assignment of the case to a different judge for resentencing upon remand.