**AIH ACQUISITION CORPORATION, LLC, and Lincolnshire Management, Inc., Plaintiffs–Appellees,**

**v.**

**ALASKA INDUSTRIAL HARDWARE, INC., Josef F. Boehm, and Alaska Industrial Hardware Employee Stock Ownership Plan, Defendants–Appellants,**

**Harold E. Snow, Ronald E. Braley, and Lasher, Holzapfel, Sperry & Ebberson, PLLC, Defendants.**

No. 03–7763–04–1454.

United States Court of Appeals, Second Circuit.

July 1, 2004.

Preeta D. Bansal (William P. Frank), Skadden, Arps, Slate, Meagher & Flom, LLP, New York, NY, for Alaska Industrial Hardware, Inc. and Alaska Industrial Hardware Employee Stock Ownership Plan, for Appellants, of counsel.

Robert D. Piliero, Piliero Goldstein Kogan & Mitchell, LLP, New York, NY, for Josef F. Boehm, for Appellees.

Sean F. O'Shea (Michael E. Petrella), Law Offices of Sean F. O'Shea, New York, NY, of counsel.

PRESENT: MINER, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendants—Alaska Industrial Hardware, Inc. ("AIH") and its shareholders Josef Boehm and AIH's Employee Stock Ownership Plan—appeal from orders of the United States District Court for the Southern District of New York (Richard Owen, *Judge*) entered on (1) July 3, 2003, preliminarily enjoining defendants from undertaking any efforts to sell AIH's stock during the pendency of the case, and (2) March 8, 2004, granting summary judgment to plaintiffs on their claim for specific performance of a stock purchase agreement negotiated by the parties but not signed by Boehm, AIH's majority stockholder.

We vacate, without prejudice to plenary reconsideration, the orders granting (1) a preliminary injunction, and (2) summary judgment to plaintiffs on their specific-performance claim, and we remand for further proceedings consistent with this order.

## BACKGROUND

The procedural history is as follows.

### A. The Complaint

By amended complaint dated October 7, 2002, plaintiffs alleged that, by at least March or April 2002 and after several months of negotiations and numerous drafts of a stock purchase agreement, they reached an agreement with defendants for the purchase of AIH by plaintiffs, notwithstanding the absence of Boehm's signature on the stock purchase agreement. Plaintiffs asserted six causes of action against defendants: specific performance, injunctive relief, breach of contract, fraud, negligent misrepresentation, and promissory estoppel. (JA21–27.) Plaintiffs sought specific performance to consummate the acquisition and preliminary injunctive relief to prevent defendants from selling, or attempting to sell, any of their AIH shares pending the outcome of the case. (JA27.) In the event specific performance would not be granted, plaintiffs sought compensatory, consequential, and incidental damages to cover the expenses plaintiffs incurred in negotiating the stock purchase agreement and preparing for the acquisition, and punitive damages in the amount of $50,000,000. (JA27, 167.)

In December 2002, defendants moved to dismiss the action for lack of personal jurisdiction or improper venue. Defendants moved in the alternative to (1) transfer venue to the District of Alaska, or (2) dismiss all of the equitable claims—*i.e.*, all causes of action except for breach of contract—for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (JA101.)

### B. The District Court's July 3, 2003 Order

After oral argument on defendants' motions, the District Court, by order entered July 3, 2003, ruled that personal jurisdiction over defendants and venue in New York were proper, and denied defendants' motion for transfer to another venue. *AIH Acquisition Corp. v. Alaska Indus. Hardware, Inc.,* No. 02 Civ. 7939(RO), slip op. at 2–3 (S.D.N.Y. July 3, 2003) ("July 3, 2003 Order"). Turning to the equitable claims that defendants sought to dismiss for failure to state a claim, the Court

concluded that the complaint sufficiently alleged a claim for specific performance. *Id.* at 3. The Court further stated that a version of the stock purchase agreement dated March 27, 2002, was "final and therefore binding even though signatures had not been affixed" and that "there appear[ed] no reason in fact or law to delay summary judgment" on plaintiffs' claim for specific performance. *Id.* at 4. The Court instructed the parties: "Should there be any factual reason for a different result, the parties are hereby given reasonable opportunity to present any pertinent material under Rules 12(b) and 56 by July 18, 2003." *Id.*

In light of its conclusion on the specific performance claim, and observing that promissory estoppel does not generally lie where there is a written contract, the Court dismissed plaintiffs' claim for promissory estoppel. *Id.* at 4–5. The Court also dismissed plaintiffs' claims for fraud and misrepresentation. *Id.* at 5. Finally, in a footnote to its opinion, the District Court stated:

> Plaintiffs also seek injunctive relief to prevent the law firm defendants from assisting in the sale elsewhere of Alaska Industrial pending resolution of the specific performance claim.... Alaska Industrial and its stockholders are hereby specifically enjoined from permitting any such effort pending further order from the Court.

*Id.* at 5 n. 4.[1]

Defendants appealed to this Court to challenge the preliminary injunction. (JA207.) That appeal, docketed in this

Court as No. 03–7763, was calendared for oral argument in January 2004.

C. Further Proceedings in the District Court and in This Court

In the meantime, the case proceeded in the District Court. Defendants filed an answer to the complaint and counterclaimed, seeking damages for the injuries they allegedly suffered, and would continue to suffer, during the period that the sale of AIH to other buyers was prevented by any conduct of plaintiffs, and for attorneys fees. (JA210–26.) In addition, plaintiffs and defendants each filed a memorandum of law, along with affidavits and exhibits, pursuant to the District Court's direction in its July 3, 2003 Order.

At plaintiffs' request, and based on the pendency of the summary judgment proceedings in the District Court, this Court adjourned the January 2004 oral argument in No. 03–7763, permitting plaintiffs to pursue their motion in this Court to dismiss or stay that appeal. On March 2, 2004, a motions panel denied the motion, and the appeal in No. 03–7763 was recalendared for May 2004.

D. The District Court's March 8, 2004 Order

On March 8, 2004, the District Court, having received the parties' summary judgment submissions, entered summary judgment for plaintiffs on their specific-performance claim by declaring the April 17, 2002 version of the stock purchase agreement "enforceable forthwith today." [2]

---

1. In its July 3, 2003 Order, the District Court dismissed all of plaintiffs' claims against attorneys Harold Snow and Ronald Braley and their firm Lasher, Holzapfel, Sperry & Ebberson PLLC. *Id.* at 5. Plaintiffs do not challenge that ruling, and those defendants are not parties to the present appeal.

2. According to plaintiffs, the April 17, 2002 version contained a five-page addendum to the March 27, 2002 version (referenced in the July 3, 2003 Order) that increased the purchase price by $2 million. The addendum is not in the appendix, and the parties do not provide a citation to the record of papers and exhibits filed in the District Court.

*AIH Acquisition Corp. v. Alaska Indus. Hardware, Inc.*, 306 F.Supp.2d 455, 459 (S.D.N.Y. 2004) ("March 8, 2004 Order"). The District Court reached this conclusion after treating as admissions certain of defendants' responses to allegations in plaintiffs' complaint.[3] *Id.* at 456–57 & nn. 2 & 4–5. The Court also employed agency principles and the doctrine of promissory estoppel[4] to find the agreement enforceable. *Id.* at 458–59.

Defendants appealed the March 8, 2004 Order, and the appeal was docketed in this Court as No. 04–1454.

### E. Subsequent Proceedings in the District Court and in This Court

Soon after the District Court ordered specific performance, plaintiffs took steps to enforce the order, first by informally requesting financial documents from AIH, and then, on March 18, 2004, by formally requesting documents from defendants and filing a motion in the District Court for expedited production. In the meantime, defendants filed in the District Court a motion for a stay, pending appeal, of the March 8, 2004 Order. The Court granted plaintiffs' motion and denied defendants' motion. Defendants then moved in this Court for a stay, pending appeal, of the March 8, 2004 Order and of further proceedings in the District Court. (JA849.) This Court granted the stay, as well as defendants' request for consolidation and expedited consideration of the July 3, 2003 Order and the March 8, 2004 Order. (*Id.*) Accordingly, the May 2004 oral argument in No. 03–7763 was adjourned, and Nos. 03–7763 and 04–1454 were calendared for oral argument before this panel on June 23, 2004.

On appeal, defendants challenge the preliminary injunction and the District Court's resolution of the specific performance claim by granting summary judgment to plaintiffs. Regarding the latter ruling, plaintiffs urge us to either (1) dismiss the specific-performance claim under Rule 12(b)(6), (2) reverse the order of the District Court and grant summary judgment to defendants on plaintiffs' specific-performance claim, or (3) vacate summary judgment and remand the cause for further proceedings.

### DISCUSSION

### A. The District Court's March 8, 2004 Order of Specific Performance

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review *de novo* a district court's entry of summary judgment. *See, e.g., SCS Communications, Inc. v. Herrick Co.*, 360 F.3d 329, 338 (2d Cir.2004).

■ In this case, summary judgment was entered before the parties conducted formal discovery. Although a substantial amount of evidence was submitted to the District Court with the parties' summary judgment papers, it is unclear whether all of the relevant documentary evidence has

---

**3.** The allegations deemed admitted were those stated in paragraphs 28, 43, and 45 of the complaint.

**4.** Notwithstanding its earlier dismissal of plaintiffs' claim for promissory estoppel, the District Court relied on the doctrine of prom-

issory estoppel in analyzing plaintiffs' claim for specific performance, on the grounds that it was applying the doctrine "narrowly to Boehm's *obligation to sign the otherwise complete instrument to which he had agreed.*" March 8, 2004 Order at 458 n. 10.

been discovered and produced, and we note that no depositions were taken or interrogatories submitted. Moreover, the record, as it now stands, does not establish plaintiffs' specific-performance claim as a matter of law, because it does not make clear that defendants—either themselves or through agents acting on their behalf—reached an agreement with plaintiffs and, if so, which version of the stock purchase agreement defendants agreed to. For these reasons, the District Court prematurely disposed of plaintiffs' specific-performance claim, and its March 8, 2004 Order, granting summary judgment to plaintiffs on their specific-performance claim, must be vacated.[5]

We note that vacatur of the March 8, 2004 Order dissolves the District Court's treatment as admissions of certain of defendants' responses to allegations in plaintiffs' complaint. Although we question whether the District Court's treatment was advisable or appropriate, we leave it to the District Court on remand to determine the evasiveness or inaccuracies, if any, of defendants' responses.

In remanding, we also leave to the District Court whether it is appropriate or necessary to permit (1) additional discovery, and (2) renewed motions, from either or both parties, for summary judgment. We intimate no view on the merits of what the District Court's disposition on each of these matters ought to be.

**B. The District Court's July 3, 2003 Order Entering a Preliminary Injunction**

A party seeking a preliminary injunction must show:

1) that it is subject to irreparable harm; and 2) either a) that it will succeed on the merits or b) that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships tips "decidedly" in favor of the moving party.

*Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir.1997). We review a district court's entry of a preliminary injunction for abuse of discretion. *See, e.g., Molloy v. Metro. Transp. Auth.*, 94 F.3d 808, 811 (2d Cir.1996).

█ In this case, procedural shortcomings mar entry of the preliminary injunction. We note that the District Court entered the injunction on *defendants'* motion—a motion to dismiss the complaint on jurisdictional, venue, and Rule 12(b)(6) grounds—and before defendants even answered plaintiffs' complaint. In addition, plaintiffs conceded at oral argument before us that no notice was provided to defendants prior to the Court's issuance of the injunction, notwithstanding the notice requirement of Federal Rule of Civil Procedure 65(a). *See* Fed. R. Civ. Pro. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party."). Without notice, neither side had an opportunity to submit papers on, or otherwise argue the issue of, a preliminary injunction.

There are also substantive difficulties with the entry of the injunction. In its order granting the injunction, the Court did not identify any findings of fact or conclusions of law on which it relied to issue the injunction. It is fair to presume, however, that the Court based the injunction on its conclusion that "[i]t is clear ... that the [stock purchase] agreement was—and the parties were in agreement that it was—final and therefore binding even

5. We also vacate so much of the District Court's July 3, 2003 Order as addressed plaintiffs' claim for specific performance beyond finding that the claim was sufficiently alleged

to survive defendants' motion to dismiss under Rule 12(b)(6). *See* July 3, 2003 Order at 3–4.

though signatures had not been affixed." July 3, 2003 Order at 4. But, as we have held above, that conclusion and its underlying findings are now vacated. *See* note 5, *ante.*

Deprived of those findings and conclusions, the injunction does not have a sound basis. We decline plaintiffs' suggestion that we conduct our own review of the record to keep the injunction in place, and, instead, we vacate the injunction without prejudice to reconsideration. The District Court, if so moved by plaintiffs, may reconsider the issue with the benefit of the parties' arguments, the record as it now stands, and additional discovery, if any, that the District Court chooses to permit. We intimate no view on the merits of any future motion for a preliminary injunction.

\* \* \* \* \* \*

Finally, we grant defendants' request that this case be reassigned on remand to a new district judge. Although cases remanded to a district court are, as a general matter, sent back without directions or suggestions as to the judge before whom the proceedings are to be conducted, "in a few instances there may be unusual circumstances where both for the judge's sake and the appearance of justice, an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality." *United States v. Robin,* 553 F.2d 8, 9–10 (2d Cir.1977) (en banc) (internal quotation marks and citation omitted). Although we have not the slightest doubt that the District Judge in this case would "put[ ] out of his . . . mind previously-expressed views or findings determined to be erroneous" on appeal, *id.* at 10, we conclude—because of the unusual posture of this case and "to preserve the appearance of justice," *id.*— that reassignment is appropriate. We strongly emphasize that our order of reassignment "does not imply any personal criticism of the [district] judge." *Id.*

## CONCLUSION

For the foregoing reasons, we:

(1) VACATE the District Court's July 3, 2003 Order granting a preliminary injunction, without prejudice to plenary reconsideration;

(2) VACATE the District Court's March 8, 2004 Order granting specific performance of the April 17, 2002 stock purchase agreement, without prejudice to plenary reconsideration;

(3) REMAND the cause for further proceedings consistent with this order; and

(4) ORDER that on remand the case be assigned to a different district judge.