SUMMARY ORDER

Defendant-appellant Anwar Hossain appeals from a judgment of conviction entered on July, 29, 2008, following a plea of guilty, of conspiring to commit wire fraud. The District Court sentenced him principally to imprisonment for one year and one day; three years of supervised release; and a special assessment of $100. He challenges his conviction on the grounds that his sentence was procedurally unreasonable. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Hossain argues that his sentence should be vacated because the District Court erred by not calculating and identifying the applicable Sentencing Guidelines range and by failing to state the reasons for his sentence in open court. The government argues that the District Court’s decision was procedurally reasonable based on its statements in open court and the Court’s adoption of the second addendum to the pre-sentence report (“PSR”) in its second Statement of Reasons. We agree with Hossain that the District Court’s sparse statements at the sentencing hearing and subsequent adoption of two different PSR addenda (and accordingly two different Guidelines ranges) in two separate Statements of Reasons, constitute unreasonable procedural error.
The District Court’s written, post-hearing adoptions of the PSR addenda failed to satisfy the Court’s obligations to calculate and identify the applicable Guidelines range, see Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) (“[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.” *90 (internal citation omitted)), and to state in open court its reasons for the assigned sentence, as required by 18 U.S.C. § 3553(c). It is well settled that a district court “satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report. It may do so either at the sentencing hearing or in the written judgment it files later.” United States v. Molina, 356 F.3d 269, 275-76 (2d Cir.2004) (internal citations and quotation marks omitted). Such post-hearing adoption can compensate for light factual findings or explicit statements in the hearing itself. See United States v. Carter, 489 F.3d 528, 539 (2d Cir.2007). In order to meet its obligations under § 3553(c), by adoption of the PSR’s recommended decisions, however, a district court must adopt the PSR in “open court,” not just in its written judgment. See Molina, 356 F.3d at 277 (reasoning that adoption in open court “puts the defendant on notice of the grounds for the sentence imposed since the defendant usually has either seen his own PSR or is entitled to ask for it”).
In the instant case, the District Court did not adopt any PSR recommendations until after sentencing, at which point it adopted two different PSR addenda in Statements of Reasons dated July 15, 2008, and July 29, 2008. Nor did the District Court adjust or explain further Hossain’s twelve-month sentence in either Statement, even though under the July 15 Statement, the sentence would have been a downward departure while it would have been a within-Guiclelines sentence under the July 29 Statement. This lack of clarity unduly frustrates the purposes of § 3553(c) — to inform the defendant, the public, and relevant prison/probation officers of the reasons for imposition of a particular sentence and to permit meaningful appellate review. Carter, 489 F.3d at 539. Indeed, the District Court’s actions have provided “an insufficient basis” for Hossain or this Court “to determine why the [District Court] did what it did.” Id. at 540 (internal quotation marks and citations omitted). Although Hossain failed to object to the District Court’s lack of specificity, the District Court’s omissions nonetheless constitute plain error. Accordingly, the case is remanded for re-sentencing.
Hossain requests that the case be reassigned to a different district court judge upon remand. The government argues that there is no evidence that the District Court is biased against Hossain and therefore his case should not be reassigned. We agree with the government that reassignment is not necessary in the circumstances presented, either for reasons of bias or to preserve the appearance of fairness. See United States v. Robin, 553 F.2d 8, 10 (2d Cir.1977).
CONCLUSION
For the reasons stated above, the District Court’s judgment of July 29, 2008, is VACATED and the cause is REMANDED for resentencing.