**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4640**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHARLES THOMAS STRICKLAND, a/k/a C.T., a/k/a Tommy,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (7:06-cr-00045-BO-2)

Argued:  October 29, 2009              Decided:  January 21, 2010

Before WILKINSON, MICHAEL, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Joseph Edward Zeszotarski, Jr., POYNER & SPRUILL, LLP,
Raleigh, North Carolina, for Appellant.   Anne Margaret Hayes,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellee.   **ON BRIEF:** George E. B. Holding, United States
Attorney, Banumathi Rangarajan, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Thomas Strickland appeals his sentence of 84 months' imprisonment, a sentence which is substantially higher than the top of the Sentencing Guidelines range recommended by the pre-sentence report ("PSR") and adopted by the district court. Strickland contends the district court erred in imposing his sentence because it failed to articulate the basis upon which the above-Guidelines sentence was determined. For the reasons set forth below, we vacate Strickland's sentence and remand the case to the district court for resentencing.

## I.

Strickland resigned from the Robeson County, North Carolina, Sheriff's Office ("the Sheriff's Office") in 2003 after being named in a criminal information, along with other officers in the Sheriff's Office, for violations of the Racketeering and Influenced Corrupt Organizations Act ("RICO"), conspiracy to violate RICO, satellite piracy, and conspiracy to commit money laundering. As a result of a lengthy investigation by state and federal authorities, thirty-two employees of the Sheriff's Office were eventually convicted of numerous offenses, including drug distribution, money laundering, kidnapping, arson, assault, robbery, theft of public funds, discharge of

2

firearms, satellite piracy, making false statements and falsifying reports, and RICO violations.

Pursuant to a written plea agreement, Strickland pled guilty to one offense, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).[1] As a result of the plea agreement, the Government dismissed the remaining charges against Strickland.

The PSR prepared by the probation officer calculated Strickland's recommended Guidelines sentence range. It awarded him no criminal history points, establishing a criminal history category of I. The PSR set the base offense level at 12 (U.S.S.G. 2S1.1(a)(1); 2B1.1(a)(2)), added two levels because the United States had an ownership interest in the money (2S1.1(b)(2)(B)), added 4 levels for being an organizer or leader of a criminal activity involving five or more participants (3B1.1(a)), and added two levels for abuse of a position of public or private trust in a manner to facilitate

---

[1] The conspiracy consisted of falsifying documents and reports associated with the Sheriff's Office participation in the Federal Equitable Sharing Program. The Program permitted the Sheriff's Office to use a portion of funds seized in drug cases to make controlled purchases of drugs and pay confidential informants to assist in the enforcement of drug laws. Strickland and the other conspirators had informants regularly sign blank receipts recording greater amounts than had actually been paid to the informants and then they recorded the higher amounts on the Program's audit reports. The conspirators then used funds designated to the Program for personal use.

the offense (3B1.1(a)), and then subtracted three levels for acceptance of responsibility (3E1.1(b)). The result was an offense level of 17, which, when calculated with Strickland's criminal history, resulted in a guideline range for imprisonment of 24-30 months. The PSR noted that an upward departure may be warranted under U.S.S.G. § 5K2.21 (dismissed and uncharged conduct), based on the acts outlined in the criminal information: stealing property during illegal searches, arson, and threatening violence. It further noted that Strickland "engaged in assaultive and other criminal conduct" that had not been used to establish the Guidelines range. (J.A. 151.)

At the outset of the sentencing hearing, the district court expressed concern that it was "fairly outrageous, the fact that you have all of this [other criminal conduct] conduct in the [PSR] and guideline sentencing comes up with 24 months," J.A. 85, and that he had "no confidence in this base offense level being legally correct." (J.A. 86.) He called a recess and instructed the Government and the probation officer to recalculate the Guidelines range.

When the sentencing hearing resumed, the Government reiterated its position that the PSR calculation was accurate, but noted that the court could impose a departure or variance sentence to respond to its expressed concerns about Strickland's uncharged conduct and the offense characteristics. The district

court replied that the Guidelines range was "modest, to put it mildly," and

> all of the factual recitation of what happened [at the Sheriff's Office] over the past 10 or 15 years is outrageous. Beating people who are arrested, burning places down, kidnapping people. It goes on and on and on. And what I am trying to do is to bring a connection between what was done and the lawlessness of what was done and the punishment that is appropriate.

(J.A. 91.) After additional dialogue with the Government regarding the sentences that other former Sheriff's Office employees received and a general discussion of the district court's desire to hold individuals responsible for conduct they participated in or permitted, the district court concluded it had "no choice but to start" with the PSR's recommended guideline range of 24 to 30 months. (J.A. 95-96.)

The district court then stated, "I am going to consider an upward departure or variance depending on the appropriate consideration." (J.A. 96.) The court and the parties engaged in a lengthy discussion of the charges in the indictment, and the Prosecutor noted several instances where post-indictment investigation had revealed additional details regarding both Strickland's involvement and his lack of knowledge regarding those events. The district court then recited the § 3553(a) factors, broadly observing that it believed a "departure is warranted," the sentence should "keep other people who are in

5

this line of work, who are in the public trust, deterred from letting their power turn to illegality," and that these crimes "were committed by law enforcement." (J.A. 108-09.)

Defense counsel argued that even considering these factors, a within-Guidelines sentence was appropriate, noting that other former employees of the Sheriff's Office had been sentenced within their respective Guidelines ranges even when they participated in rather than simply were aware of other criminal activities. After an exchange between defense counsel and the district court to clarify defense counsel's position, the court continued Strickland's sentencing until the next day.

Shortly after the sentencing hearing reconvened, the district court summarily stated that the guideline range was 24 to 30 months and that the "court is considering a variant sentence," and "trying to arrive at the appropriate place to vary." (J.A. 115-16.) The only additional fact the court noted was that Strickland was "a witness in some of the trials" where the convictions were being challenged based on that involvement. Without further explanation, the district court sentenced Strickland to a term of 84 months' imprisonment. (J.A. 116.)

Strickland noted a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

6

II.

Strickland contends his sentence is procedurally unreasonable because the district court failed to articulate the factual basis for a sentence that is fifty-four months above the high end of his recommended Guidelines range. He notes that although the district court mentioned some of the § 3553(a) factors, it did not "explain *how* or *why* those factors applied in this case, and never made any specific findings about what it found Strickland had done to support an upward variance." (Appellant's Br. 19.) For these reasons, he asserts the sentence should be vacated and his case remanded for resentencing. He also requests that upon remand, the case be assigned to a different district court judge.

We review any sentence, "whether inside, just outside, or significantly outside the Guidelines range," for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). The Supreme Court delineated our sentencing review process in Gall: first, we "ensure that the district court committed no significant procedural error." Id. at 51. If, and only if, we find the sentence procedurally reasonable, then we will "consider the substantive reasonableness of the sentence imposed . . . ." Id. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a)

7

factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id.

When sentencing a defendant, the district court "must make an individualized assessment based on the facts presented." Id. at 50. As we explained in United States v. Carter, 564 F.3d 325 (4th Cir. 2009), this means:

> the district court must "state in open court" the particular reasons supporting its given sentence. 18 U.S.C. § 3553(c) (2006). In doing so, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007). This not only "allow[s] for meaningful appellate review" but it also "promote[s] the perception of fair sentencing." Gall, 128 S. Ct. at 597. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence" than that set forth in the advisory Guidelines, a district judge should address the party's arguments and "explain why he has rejected those arguments." Rita, 127 S. Ct. at 2468.

564 F.3d at 328. In Carter, we concluded the district court judge failed to "justify Carter's sentence with an individualized rationale." Id. at 328-29. While the district court "offered a variety of statements" about the parties' arguments and told the parties that it was "looking at the four purposes in Section 3553(a)(2)," and even summarized those purposes, it failed to "explain how those purposes applied to

8

Carter." Id. at 329. Indeed, we observed that the "district court's asserted 'reasons' could apply to any sentence, regardless of the offense, the defendant's personal background, or the defendant's criminal history." Id.

The district court's explanation of Strickland's sentence is similarly deficient. Examining the entirety of the three separate sentencing sessions, the district court failed to articulate the factual basis for an above-Guidelines sentence. As detailed above, although the district court and the Government dialogued regarding the dismissed charges and other offenses that occurred in the Sheriff's Office while Strickland was employed there, the district court failed to make any factual findings about what offenses Strickland participated in or knew about and how that would apply to Strickland's sentence. This is especially troublesome because the Government informed the district court during the sentencing hearing that ongoing investigation revealed Strickland had no knowledge of and had not participated in certain offenses that had been charged against him in the original criminal information and which were listed in the PSR's statement of dismissed and uncharged conduct. Therefore, it is not clear to us what uncharged conduct the district court relied upon in its determination that an above-Guidelines sentence was appropriate. When determining Strickland's sentence, the district court offered little more

than a cursory observation that Strickland was a supervisor in a Sheriff's Office riddled with corrupt employees. Such generalized statements are not sufficient, as they lack the individualized assessment required to establish the particular sentence imposed is appropriate.

Furthermore, the court did not explain how any specific factors corresponded to the sentencing goals of § 3553(a), so as to articulate a basis for arriving at the particular sentence it imposed. It is true that under the sentencing structure set forth in Gall, a district court need not "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court's discretion in sentencing must still be exercised in a manner that permits a reviewing court to understand the legal and factual basis for its decision. See Carter, 564 F.3d at 330 ("This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'"). Here, we cannot discern from the district court's limited allocution what the factual basis for its decision was or what specific considerations the court found relevant to its determination of an appropriate sentence. Accordingly, the record does not allow us to perform any meaningful appellate review of Strickland's sentence.

10

When an above-Guidelines sentence is imposed, the district court must "consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance." Gall, 552 U.S. at 50. In Gall, the Supreme Court observed that it was "uncontroversial that a major departure should be supported by a more significant justification than a minor one." Id. "But a district court need not justify a sentence outside the Guidelines range with a finding of 'extraordinary' circumstances." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (citing Gall, 552 U.S. at 47, 59). Given that Strickland's sentence is 54 months higher than the top of the Guidelines range, Gall required the district court to provide a justification consistent with that degree of deviation from the Guidelines. See Gall, 552 U.S. at 47, 49. The district court's explanation thus should not only be sufficient to show that a deviation is warranted, but also to support the degree of deviation made. Because the district court's explanation fell substantially short of this duty, it committed a procedural error in sentencing Strickland, and the case must be remanded for resentencing.[2] [3]

---

[2] Strickland also contends the district court committed procedural error sentencing him to a variance sentence without first considering a departure sentence. However, Strickland concedes the Guidelines calculation is correct and this is not a case where the sentencing court undertook to depart under the
(Continued)

11

Guidelines and then erred in applying a particular Guidelines provision. The sentencing hearing transcript reflects that the district court interchangeably referred to sentencing Strickland to an above-Guidelines departure or variance sentence, without distinguishing between the two.

While it is true that a sentencing court errs if it fails to correctly calculate the applicable Guidelines range, Gall, 552 U.S. at 49, the Guidelines are merely the beginning of the court's determination of a proper sentence. See Evans, 526 F.3d at 160. Thus, we have held that a district court's sentence was procedurally reasonable even where the Guidelines would not have permitted the upward departure relied upon by the district court, because the district court also adequately explained its sentencing decision in light of the § 3553(a) considerations. Id. at 164. As we explained in Evans:

> [A]lthough adherence to the advisory Guidelines departure provisions provides one way for a district court to fashion a reasonable sentence outside the Guidelines range, it is not the only way. Rather, after calculating the correct Guidelines range, if the district court determines that a sentence outside that range is appropriate, it may base its sentence on the Guidelines departure provisions or on other factors so long as it provides adequate justification for the deviation.
>
> When reviewing the sentence selected by the district court, regardless of whether the court deviates from the advisory Guidelines range because of a Guidelines-sanctioned departure, or because of one or more § 3553(a) factors, or because of some other reason – that is, no matter what provides the basis for a deviation from the Guidelines range – we review the resulting sentence only for reasonableness.

Id. (citations omitted).

Accordingly, had the district court's articulation been sufficient under either the Guidelines departure provisions or the § 3553(a) factors, the fact that the district court provided the latter rather than the former does not, in itself, constitute procedural error. Rather, it is the fact that the district court did not adequately explain its decision using either of these criteria that is the basis for our conclusion that procedural error occurred.

12

III.

Strickland requests that the case be assigned to a different district court judge on remand. This Court has previously examined such requests using the three-part test delineated by the Second Circuit Court of Appeals in United States v. Robin, 553 F.2d 8 (2d Cir. 1977) (per curiam):

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

United States v. Guglielmi, 929 F.2d 1001, 1007 (4th Cir. 1991) (quoting Robin, 553 F.2d at 10). We have considered these factors and reviewed the record, and conclude that Strickland has satisfied this burden. Accordingly, we direct that on remand, the case be assigned to a different judge for sentencing.

---

[3] Because we agree that Strickland's sentence was procedurally unreasonable, we need not address his additional argument that the sentence is also substantively unreasonable. See Gall, 552 U.S. at 50.

13

IV.

For the aforementioned reasons, we vacate Strickland's sentence and remand for resentencing in accordance with this opinion. We also direct that this case be assigned to a different judge on remand.

<u>VACATED AND REMANDED</u>