Madanat v. First Data Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
ROSEMARY S. POOLER,
DENNY CHIN,
*Circuit Judges*.

_____

Azmie Madanat, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant*,

v.                                                                No. 14-4316

First Data Corporation, First Data Merchant Services Corporation,

*Defendants-Appellees*,

Does, 1–25 inclusive,

*Defendants*.

_____

1

FOR PLAINTIFF-APPELLANT:    MITCHELL M. BREIT, Simmons Hanly
                            Conroy LLC, New York, NY.

FOR DEFENDANTS-APPELLEES:    BOBBIE J. WILSON (J. Patrick Corrigan, Brian
                            P. Hennessy, *on the brief*), Perkins Coie LLP,
                            San Francisco, CA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Azmie Madanat appeals from a judgment entered on November 13, 2014, by the United States District Court for the Eastern District of New York (Wexler, *J.*). Madanat challenged the enforceability of a clause contained in his agreement with Defendants-Appellees First Data Corporation and First Data Merchant Services Corporation (collectively, "First Data"), both on his own behalf and on behalf of a class certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The district court dismissed Madanat's individual and class claims, determining that he lacked standing to sue because First Data was no longer attempting to enforce the clause against him. Additionally, in dismissing the class claims, the district court concluded that "the only reason this case is going on" is for an award of attorneys' fees to class counsel. J.A. 824. Madanat challenges both of those conclusions on appeal and also seeks to have the case reassigned to a different district court judge if we remand. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review a district court's dismissal for lack of standing *de novo*. *See Wight v. BankAmerica Corp.*, 219 F.3d 79, 86 (2d Cir. 2000). This standard of review is applied "if the district court based its finding that a party lacks standing on either the complaint alone or the complaint supplemented by undisputed facts gleaned from the record." *Thompson v. Cty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994). "Conversely, if the district court is obliged to resolve disputed issues of fact in order to determine a party's standing, we accept those factual findings unless they are shown to be 'clearly erroneous.'" *Id.* at 249 (quoting *Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 594 (2d Cir. 1993)).

To establish Article III standing, Madanat must demonstrate "(1) injury-in-fact, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) causation in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106–07 (2d Cir. 2008) (emphases omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The requirement is "no less true with respect to class actions than with respect to other suits." *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

In dismissing Madanat's complaint for lack of standing, the district court relied on First Data's assertions that it no longer seeks to enforce the liquidated damages clause or collect the $2,026.72 that it initially claimed Madanat owed. But we determine standing "as of the commencement of suit." *Lujan*, 504 U.S. at 570 n.5. In this case, the district court did not make any factual determinations about the events as of when Madanat commenced this lawsuit or even when the district court certified the Rule 23(b)(2) class. Instead, the district court focused on an event

3

that occurred after the case commenced and the class was certified—First Data's decision to no longer seek payment from Madanat while the lawsuit was already in progress. Even if First Data's eventual decision not to seek payment might moot Madanat's individual claims (an issue we do not resolve on this appeal), that decision has no bearing on whether Madanat had standing at the outset of the lawsuit. The district court therefore erred by determining that Madanat lacked standing based solely on events occurring after litigation commenced.

Because the district court did not focus on standing at the commencement of the lawsuit, it did not make the factual determinations necessary to determine whether Madanat has standing. Madanat offers multiple pieces of evidence that support his position that he had standing at the beginning of this lawsuit. For example, at various points in this lawsuit, First Data has acknowledged that: (1) its books still showed that Madanat owes it $2,026.72 as late as August 2014; (2) it "typically" exercises the liquidated damages option when a merchant fails to pay monthly lease payments that are due, J.A. 794; and (3) the $2,026.72 that it demanded from Madanat consists partly of all of the remaining payments due under the lease. Madanat also submitted evidence showing that First Data made unauthorized withdrawals from his family's personal checking account and that, as of August 2014, First Data had still not deleted credit reporting entries regarding the debt. These facts, if credited, would support the conclusion that Madanat had standing to sue.

Despite the district court's error, First Data argues that it has established that Madanat lacked standing to sue at the outset of this lawsuit. First Data argues that it "never enforced" the liquidated damages clause, Appellees' Br. 12, and instead attempted only to collect what it terms a "payoff," J.A. 795. Specifically, the liquidated damages clause at issue provides First Data with

4

the option of recovering both an acceleration of the payments remaining on the lease and the fair market value of the point-of-sale terminal as determined by First Data. First Data claims that it is not seeking to enforce that clause because its request for $2,026.72 is actually only for accelerated monthly payments and "various late charges and fees," but not for the market value of the point-of-sale terminal. Appellees' Br. 7. Because it is purportedly not attempting to enforce the entirety of the liquidated damages clause, First Data contends that its initial request for $2,026.72 was part of a "payoff" that predates this lawsuit and to which Madanat purportedly agreed.

First Data's argument is unpersuasive for several reasons. Even if First Data attempts to enforce only the acceleration of monthly payments, and not payment for the market value of the terminal, it is still attempting to enforce a portion of the liquidated damages clause. Moreover, there are factual disputes about whether Madanat ever agreed to a "payoff" with First Data and whether this payoff includes the fair-market value of the point-of-sale terminal. Madanat contests First Data's assertion that he agreed to a buyout of the lease, so in the absence of a factual determination as to whether there was actually a buyout, this cannot serve as a basis for Madanat's lack of standing.

Because the district court did not determine Madanat's standing at the commencement of the lawsuit, we vacate the district court's judgment dismissing Madanat's individual claims. On remand, the district court shall conduct further proceedings to determine whether Madanat has standing and, if necessary, whether his individual claims are moot.

Additionally, both parties agree that the certified class claims can continue forward as long as Madanat had standing, even if his individual claims are now moot. *See, e.g.*, *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 199 (2d

5

Cir. 2005) ("Although, upon certification of a class, the class representative must have individual standing, class representatives may continue to represent a class even if their individual claims become moot." (quoting *Martens v. Thomann*, 273 F.3d 159, 173 n.10 (2d Cir. 2001))). As such, we also vacate the district court's judgment dismissing the class claims.

Finally, Madanat requests that we reassign the case to a different district court judge on remand. "[T]o reassign a case on remand, we [must] find that the facts might reasonably cause an objective observer to question [the judge's] impartiality." *United States v. Quattrone*, 441 F.3d 153, 192 (2d Cir. 2006) (second and third alterations in original) (quoting *United States v. Londono*, 100 F.3d 236, 242 (2d Cir. 1996)). "[W]e may also remand to another judge absent such proof of partiality where 'reassignment is advisable to preserve the appearance of justice.'" *Id.* (quoting *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (per curiam)). In this case, none of Madanat's arguments cause us concern about the district court judge's impartiality or the appearance of justice, so we decline to reassign this case on remand.

For the reasons stated herein, we **VACATE** the district court's judgment and **REMAND** the case for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6