**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   14-50321 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00441-MWF-2 |
| v. | |
| DAVID ALAN HESLOP, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50392 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00441-MWF-1 |
| v. | |
| GARY EDWARD KOVALL, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 10, 2017
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Heslop challenges his conviction of conspiracy to commit federal programs bribery under 18 U.S.C. § 371. We affirm. Heslop and Kovall challenge the order of restitution. We affirm the district court's holding that the Mandatory Victim's Restitution Act ("MVRA") applies to their offenses, but we vacate and remand the restitution order because the district court abused its discretion in calculating portions of it.[1]

**1.**     Heslop's Claims

Heslop preserved for appeal, and now claims, that the stipulated facts did not show that "the business, transactions, or series of transactions at issue . . . were those of the Indian tribal government." *See*, *e.g.*, 18 U.S.C. § 666(a)(2). Although Heslop presented issues that may be quite complex in the abstract, *see*, *e.g.*, *United States v. Cabrera*, 328 F.3d 506, 509 (9th Cir. 2003), there is nothing complex about what happened here. The Tribe consists of roughly a dozen members, and all the tribal entities are interconnected in both theory and practice. Heslop knew exactly who he was dealing with; some of the entities that Heslop and Kovall used in their scheme were set up specifically to hide the tribal connection and to defraud

---

[1] The question whether the Twenty-Nine Palms Band of Mission Indians ("the Tribe"), as the victim, can directly appeal the restitution award is addressed in a published opinion filed herewith.

2

the Tribe. Heslop pled guilty to stipulated facts that refer either to the Tribe alone, or to both the Tribe and its corporate entities together. Taking the Supreme Court's guidance to construe the coverage of this provision broadly, we will look past the intricacies of form to the clear substance of the facts here. *See Sabri v. United States*, 541 U.S. 600 (2004); *Salinas v. United States*, 522 U.S. 52 (1997). The stipulated facts show that "the business, transactions, or series of transactions at issue . . . were those of the Indian tribal government."

As to the remainder of Heslop's claims that go to the sufficiency of his conviction, Heslop "waiv[ed] and g[ave] up any right to appeal." *See United States v. Odachyan*, 749 F.3d 798, 803 (9th Cir. 2014). Thus, we do not address them further. Heslop's claim that the waiver was involuntary is only summarily raised in a footnote, and we deem it forfeited. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (refusing to manufacture arguments for an appellant who made bare assertions in an opening brief).

Heslop challenges the district court's authorization of a debtor's exam. He provides no case or statute showing that it was improper. Moreover, like the district court, we can think of no reason not to allow it. Therefore, we lift the stay issued on October 21, 2015, and allow the debtor's exam to proceed if the district court so orders, after taking into account the remainder of this memorandum.

**2.** Heslop and Kovall's MVRA Restitution Orders

Nothing in Heslop's plea agreement effectuated a knowing and voluntary waiver of his right to appeal restitution issues. *See Odachyan*, 749 F.3d at 803. Kovall's plea agreement similarly did not waive the right to appeal restitution issues because, while it waived the right to challenge "any portion of his sentence," the next paragraph implied that all portions of his sentence would fall within a maximum statutory range of imprisonment; restitution is separate from the sentence. *See*, *e.g.*, *United States v. Zink*, 107 F.3d 716, 717–18 (9th Cir. 1997). Thus, neither defendant waived his right to appeal the restitution order. *See also*, *e.g.*, *United States v. Gordon*, 393 F.3d 1044, 1050 (9th Cir. 2004) (raising doubts as to whether claims such as defendants' here can ever be waived).

The government contends that Heslop did not raise restitution issues in his opening brief and that, therefore, they are waived. But in Heslop's opening brief, he argued that the "district court erred in applying the mandatory restitution statute and in fixing the amount of restitution" and "join[ed] in the facts and arguments raised by [Kovall] regarding the restitution award in this case." That is sufficient.

We are thus left with two inquiries: (a) under de novo review, whether the MVRA applies to the offenses here and (b) under abuse of discretion review, whether the restitution award was properly calculated.

(a) Whether the MVRA Applies

The MVRA requires a district court to enter a restitution award in the case of "an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit."  18 U.S.C. § 3663A(c)(1)(A)(ii).  Because the offenses at issue here were both "against property" and "committed by fraud or deceit," we need not address broader questions about the applicability of the MVRA to bribery.  The MVRA applies to the defendants' offenses.

(b) Whether the District Court Abused Its Discretion

A "restitution order is reviewed for an abuse of discretion, provided it is within the bounds of the statutory framework." *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008) (quoting *Gordon*, 393 F.3d at 1051); *see United States v. Phillips*, 367 F.3d 846, 854 (9th Cir. 2004).  The government or victim is required to prove the amount of the losses that were "directly related to [the offense] convictions" by a preponderance of the evidence.  *Waknine*, 543 F.3d at 556.  Indeed, we require that attorneys' fees be "*directly*, not tangentially, related to" the offense conduct.  *United States v. DeGeorge*, 380 F.3d 1203, 1221 (9th Cir. 2004).  Still, a district court is afforded a "degree of flexibility" in accounting for a victim's losses.  *Waknine*, 543 F.3d at 557 (quoting *Gordon*, 393 F.3d at 1053).

5

While exercising that flexibility, however, a district court must "set forth an explanation of its reasoning, supported by the record." *Id.* at 556.

In this case, the record does not adequately support the district court's award of attorneys' fees in restitution. The district court agreed with Heslop that the records provided by the government (via the Tribe) were inadequate to support the fee petition. We agree that the descriptions of the law firm's services are vague. The Tribe (through the government), bears the burden of proving its losses. *See* 18 U.S.C. § 3664(e) ("The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government."); *Waknine*, 543 F.3d at 556. Effectively, the district court concluded that even though "it was extremely, extremely difficult" to decide an appropriate amount of fees, "that does not mean that there should be nothing." In our view, however, that is the import of bearing the burden of proof—the Tribe and government are required to supply sufficient evidence to support the Tribe's claims to attorneys' fees and costs.

The district court has tools to demand comprehensible records. The court may ask the parties to provide the records in a different format, choose to parse through the records itself, or direct a magistrate judge to do so. *See* 18 U.S.C. § 3664(d)(6) ("The court may refer any issue arising in connection with a proposed

6

order of restitution to a magistrate judge or special master for proposed findings of fact . . . ."); *Waknine*, 543 F.3d at 558 (same). Instead, the district court relied upon its experience in awarding fees for class actions and civil rights cases, and held that the "proper amount would be $150,000."[2] Nothing in the restitution statute, however, ties the amount of the attorneys' fees to the amount of the restitution award. For much the same reasons, the district court abused its discretion when it applied a percentage-of-success formula and used a 15.8% multiple for calculating investigative and accounting costs.

We also remand for further consideration three awards for which we cannot discern the district court's rationale for how these expenses are related to the Tribes' actual losses: the $21,093 award to Bosserman; the $9,568 in costs; and the $20,000, which the district court characterized as "the amount that should have been spent on this hearing here today" and which it "believe[d] is presumptively reasonable."

As in *Waknine*, "what was done here was too conclusory." 543 F.3d at 558. *Compare United States v. Eyraud*, 809 F.3d 462, 468 (9th Cir. 2015) (recognizing the procedures used there as "thorough and a model of careful due process"). We

---

[2] The district court determined that the Tribe was entitled to $603,000 in damages. It modified its award of attorneys' fees to $150,750 because that was 25% of the restitution award.

simply cannot say that the methodology used by the district court ensured either that the victims received all that they were due under the MVRA or that the defendants were ordered to pay for all that they caused. Accordingly, the district court's $832,084 restitution order is vacated. **K ER 3.** We express no opinion on the proper award. On remand, the district court should "ensure that the restitution order [is] supported by sufficient, reliable evidence." *Waknine*, 543 F.3d at 558. "[T]he district court may only award restitution for attorneys' fees, investigation costs, [etc.] if the government [or the Tribe] provides sufficiently detailed evidence that [the Tribe] incurred those costs as a direct result of [the defendants'] offense conduct." *Id.* If the district court's restitution award is unsatisfactory to the Tribe in any respect it may assert its rights before the district court. 18 U.S.C. § 3771(d)(3). And if the district court denies the relief sought, the Tribe may "petition the court of appeals for a writ of mandamus," *id.*, in accordance with that subsection. *See id.* § 3771(d).

### 3.     Remanding to a Different Judge

Heslop also requests that, if the panel remands, that it assign the case to a different district court judge. But remand to a different judge is "reserved for 'unusual circumstances.'" *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir.

1979) (quoting *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (en banc)).

Nothing here constitutes such an unusual circumstance.

All parties will bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**