15-4057-cr
*United States v. Mangone*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

ANTHONY MANGONE,

> *Defendant-Appellant*.

15-4057 (L)
15-4062 (con)

---

| | |
|---|---|
| For Appellee: | PERRY A. CARBONE, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York. |

For Defendant-Appellant:                    JEFFREY LICHTMAN (Jeffrey Einhorn, *on the brief*), The Law Offices of Jeffrey Lichtman, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence imposed by the district court is **VACATED** and the case is **REMANDED** for resentencing consistent with this decision.

Defendant-Appellant Anthony Mangone seeks *vacatur* of his sentence based on alleged procedural errors. He contends that the district court, among other things, wrongly identified the Sentencing Guidelines range, mischaracterized the extent of his involvement in the crimes for which he was convicted, and made various factually unsupported statements. He also requests that the case be reassigned to another judge on remand. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**A. Procedural Error**

A district court's sentence is subject to reasonableness review, both substantive and procedural. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision 'cannot be located within the range of permissible decisions' or is based on a legal error or clearly erroneous factual finding." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007) (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)). "A district court commits procedural error where it fails to calculate the Guidelines range" or "makes a mistake in its Guidelines calculation." *Cavera*, 550 F.3d at 190. When, as here, a

defendant fails to object to a purported sentencing error, we review for plain error. *Villafuerte*, 502 F.3d at 208.

As both parties have observed, the district court was incorrect when it stated that the applicable Guidelines range was 37-46 months, apparently relying on a mistake in the presentence report that was also missed by both the Government and defense counsel. This was clearly erroneous. Indeed, the Government on appeal consents to a remand based on this error. The proper range for a defendant with an offense level of 19 and Criminal History Category I is 30-37 months. We have held that "an incorrect calculation of the applicable Guidelines range will taint not only a Guidelines sentence, if one is imposed, but also a non-Guidelines sentence, which may have been explicitly selected with what was thought to be the applicable Guidelines range as a frame of reference." *United States v. Fagans*, 406 F.3d 138, 141 (2d Cir. 2005); *see also United States v. Dorvee*, 616 F.3d 174, 181-82 (2d Cir. 2010) (observing that the Guidelines range "serves as the district court's 'starting point' in selecting a sentence" and that the court's "miscalculation of the Guidelines sentencing range carried serious consequences for the defendant"). Miscalculation of the Guidelines range therefore constituted procedural error, which was plain. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1349 (2016) (observing that "a defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range" and "[t]hat probability is all that is needed to establish an effect on substantial rights"); *see Dorvee*, 616 F.3d at 182 ("If the district court miscalculates the typical sentence at the outset, it cannot properly account for atypical factors and we, in turn, cannot be sure that the court has adequately considered the §3553(a) factors. That is what happened here, and constitutes procedural error.").

3

We may deem an error harmless if "the record indicates clearly that the district court would have imposed the same sentence in any event." *United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (quoting *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009)). It is not clear from the record, however, that the district court would have arrived at the same sentence absent the error. *See Molina-Martinez,* 136 S. Ct. at 1348 (observing that "there [was] at least a reasonable probability that the District Court would have imposed a different sentence" absent the miscalculated Guidelines range when the court "said nothing to suggest that it would have imposed [the same] sentence regardless of the Guidelines range"). We decline to address Mangone's remaining arguments for resentencing because we conclude that remand is warranted for the reasons already stated.

**B. Request for Reassignment on Remand**

"Remanding a case to a different judge is a serious request rarely made and rarely granted." *United States v. Awadallah*, 436 F.3d 125, 135 (2d Cir. 2006). "Reassignment is warranted only 'where special circumstances warrant it, that is, where we are persuaded that the original judge would have substantial difficulty in putting out of her mind her previously expressed views, or where reassignment is advisable to preserve the appearance of justice.'" *Id.* (quoting *United States v. Ming He*, 94 F.3d 782, 795 (2d Cir. 1996)); *United States v. Brennan*, 395 F.3d 59, 76 (2d Cir. 2005) ("We can direct that a case be assigned to a different judge for resentencing in unusual circumstances" (internal quotation marks omitted)). We must also consider "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *United States v. Robin,* 553 F.2d 8, 10 (2d Cir. 1977) (per curiam and en banc).

4

Mangone's argument gives us some pause. A mistaken guideline calculation is not a reason for reassigning a case on remand, nor is the fact that the district court made statements that Mangone views as factually unsupported. *See Brennan*, 395 F.3d at 76 (observing that "[r]eassignment will not usually be warranted merely because a sentencing judge has been shown to have held erroneous views" (internal quotation marks omitted)). But two lines of commentary by the district judge during the sentencing proceedings give color to Mangone's contention.

First, the district judge's comments about the seriousness of Mangone's crimes went beyond the entirely appropriate condemnation of a defendant's criminal conduct and the expression of the legitimate view that Mangone's status as a member of the bar was an aggravating circumstance. The judge went further, stating that the crimes made her "physically ill," and that she "take[s] it very personally when a lawyer commits crimes," because members of the judge's family and most of her personal friends are lawyers. App'x 257-58. We have in the past ordered cases reassigned when it appeared that a judge had made a "visceral judgment" about a party that might make it difficult for the judge to assess the case dispassionately. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 142 (2d Cir. 2007). The comments that were made could be taken to indicate that the judge considered herself personally invested in the outcome, as if she or her friends or family were individually aggrieved by the defendant's crimes.

Second, the district court repeatedly expressed the view that the prosecutor and defense counsel had entered a questionable plea deal, in violation of the normal policies of the United States Attorney's Office, in order to "try to control" the judge's sentencing decision. App'x 251. The government has represented to us that the court misunderstood the relevant charging

5

policies. It has also emphasized that there was no attempt to conceal any of Mangone's wrongdoing—all of which the judge was entitled to consider in determining an appropriate sentence—because the government's sentencing submission and the testimony of Mangone himself made the court fully aware of all of Mangone's prior criminal conduct.

While some of the judge's comments could be regarded as intemperate, we conclude that Mangone has not established the special circumstances required for reassignment on remand. Ultimately, the judge's comments on her personal reaction to Mangone's crimes are best taken as a rhetorically emphatic way of expressing a legitimate negative view of his conduct, and they do not show that the court harbored any personal bias against Mangone. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"). To the extent that the judge was critical of the United States Attorney's Office, there is no indication that any such disapproval influenced her views on the appropriate sentence to be imposed; the arrow of causation appears to run the other way—it was the court's belief that a serious sentence was called for that led it to be critical of what it took to be the government's different view of the case. In any event, on remand the government and defense counsel will have the opportunity to lay out in sentencing submissions a full explanation of any policies or plea bargaining considerations that they believe the judge misunderstood.

We have considered whether the court's perhaps overly emphatic expression of its views would give a reasonable observer the impression that the sentence was influenced by personal considerations rather than by dispassionate analysis. We conclude that it would not. Moreover, we are confident that on remand the district court will have no "difficulty in putting out of her

6

mind her previously expressed views," *Awadallah*, 436 F.3d at 135 (quoting *Ming He*, 94 F.3d at 795), considering fairly any respect in which the parties believe she has misapprehended facts about the case, and will properly reconsider the sentence in light of the correct Guidelines sentencing range.

We therefore **VACATE** the sentence imposed by the district court and **REMAND** for resentencing consistent with this decision. It is further **ORDERED** that the mandate shall issue forthwith. Appellant's pending request for continuation of bail is referred to the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk