18-368-cr
United States v. Armstrong

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*,
          LEWIS A. KAPLAN,
                    *District Judge.*[*]

---
UNITED STATES OF AMERICA,
          *Appellee*,

          v.                                    No. 18-368-cr

DEREK ARMSTRONG,
          *Defendant-Appellant*.
---

APPEARING FOR APPELLANT:        RICHARD A. FINKEL, Richard A. Finkel, Esq., & Associates, PLLC, New York, New York.

APPEARING FOR APPELLEE:         ALICIA N. WASHINGTON, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 8, 2018, is VACATED and the case REMANDED.

Defendant Derek Armstrong, who was sentenced in 2015 to three years' probation for filing false corporate tax returns, *see* 26 U.S.C. § 7206, here appeals from a three-month prison sentence imposed for violating probation by failing to report for random drug testing. Armstrong contends that his sentence is procedurally unreasonable because it is based on an erroneous fact asserted by the government at sentencing. Our reasonableness review of sentences, including those imposed for probation violations, *see United States v. Goffi*, 446 F.3d 319, 320–21 (2d Cir. 2006); *see also United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008), amounts to "a particularly deferential form of abuse-of-discretion review," *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (*en banc*). Applying that standard here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate the sentence and remand.

1.    Procedural Challenge

A sentence is procedurally unreasonable if it is "based on clearly erroneous facts." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks

2

omitted); *see United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007) (recognizing defendant's "due process right to be sentenced based on accurate information"). The government here acknowledges that, at sentencing, it erred in stating that Armstrong had not made any of the back-tax payments ordered by the district court. By the time of Armstrong's probation violation sentencing, he had made at least 14 restitution payments to the IRS, totaling some $2,000.[1] Moreover, because the district court denied defense counsel's request to "reply" to the government's "misrepresentation," Gov't App'x 163, the record was not corrected before the district court pronounced Armstrong's sentence.

In urging this court to uphold the challenged sentence despite this factual misrepresentation, the government argues that its erroneous statement did not significantly affect the district court's chosen sentence. We cannot confidently reach that conclusion. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (recognizing where "record indicates clearly that the district court would have imposed the same sentence in any event," any procedural error "may be deemed harmless" (internal quotation marks omitted)).

A sentencing judge is required to "state in open court the reasons for its imposition of [a] particular sentence." 18 U.S.C. § 3553(c); *see United States v. Chu*, 714 F.3d at

---

[1] To the extent the government now asserts that Armstrong had an obligation to pay back taxes distinct from his obligation to pay $121,660 in restitution, Appellee Br. at 15 n.4, the assertion is at odds with its representation to the district court that the "back taxes" Armstrong failed to pay were "restitution owed to the IRS," in the amount of $121,660, which "ha[d] [not] been received by the IRS," Gov't App'x 160. We need not address the matter further because, in any event, the government's explicit statement at sentencing that Armstrong had failed to pay any "restitution owed to the IRS," *id.*, is clearly erroneous in light of his having in fact made, as the government now acknowledges, more than a dozen payments toward such restitution.

746 (stating that district court commits procedural error when it "fails adequately to explain the chosen sentence" (internal quotation marks omitted)). While "we do not require district courts to engage in the utterance of robotic incantations when imposing sentences in order to assure us that they have weighed in an appropriate manner the various section 3553(a) factors," *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007) (internal quotation marks omitted), a district court's statement of reasons must at least be "adequate" to permit "meaningful appellate review," *United States v. Cavera*, 550 F.3d at 193 (internal quotation marks omitted).

Here, the district court offered no explanation for the challenged three-month sentence, beyond stating that it had "heard [defense counsel's] argument" and "heard the Government's argument." Gov't App'x 163. On this record, we cannot discern whether, or to what degree, the district court relied on the government's erroneous statement regarding a complete failure of restitution payments in imposing the challenged sentence.[2] Accordingly, we vacate the challenged judgment and remand for resentencing both to ensure that any sentence imposed is not influenced by an erroneous fact and to give the district court an opportunity to clarify the reasons for the particular sentence imposed. *See United States v. Juwa*, 508 F.3d at 701–02 (remanding for resentencing and for district court "to make clear the basis upon which the sentence rests"

---

[2] Defense counsel's subjective impression that the district judge appeared "disturbed and distressed" by the government's non-payment assertion, Appellant Br. at 18 (internal quotation marks omitted), may or may not indicate that the error informed the sentence. The same conclusion obtains as to the district court's request that the government clarify whether its "back taxes" assertion referenced "restitution owed to the IRS." Gov't App'x 160.

where "it [wa]s unclear from the record whether the district court" based its sentence on fact not properly established).

2.    Reassignment

In the event of remand, Armstrong urges that his case be reassigned to a different judge for resentencing. "Remanding a case to a different judge is a serious request rarely made and rarely granted." *United States v. Singh*, 877 F.3d 107, 122 (2d Cir. 2017) (internal quotation marks omitted). We will reassign a case "only in unusual circumstances," *id.* (internal quotation marks omitted), and, considering the factors set forth in *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977), we identify no grounds for such extraordinary action here. Contrary to Armstrong's argument that remand is warranted because of "the firmness of the judge's earlier-expressed views," *id.* at 10, the record shows that the district judge simply expressed *no* view here regarding the government's erroneous factual statement.

3.    Conclusion

We have considered the parties' other arguments and conclude that they are without merit. Accordingly, we VACATE the sentence and REMAND to the district court for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5