22-1771 (L)
United States v. Gregory

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-four.

PRESENT:
        DENNIS JACOBS
        BARRINGTON D. PARKER
        MYRNA PÉREZ,
          *Circuit Judges.*

_____

United States of America,

                           *Appellee*,

                v.                                 Nos. 22-1771, 22-1865

David Gregory,

                    *Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

**FOR DEFENDANT-APPELLANT:** CLARA S. SPERA (Minahil Khan, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C.; Alan Schoenfeld, Brittany Llewellyn, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY.

**FOR APPELLEE:** SEAN M. SHERMAN (Tanya Hajjar, David C. James, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for resentencing.

The sole issue in dispute in this matter is whether the need to preserve the appearance of justice advises that this case, upon remand for resentencing, should be assigned to a different judge. We hold that it does.

**I.     Vacating Count 6 and Remanding for Resentencing**

Before we address reassignment, however, we first consider Defendant-Appellant David Gregory's unopposed request to vacate his conviction on Count 6 of the superseding indictment based on *United States v. Taylor*, 142 S. Ct. 2015 (2022).

Gregory appeals from an amended judgment entered by the district court following resentencing. Gregory was initially found guilty on seven counts, including two counts of attempted Hobbs Act robbery (Counts 5 and 7) and the use and possession of firearms in relation to each robbery under 18 U.S.C. § 924(c) (Counts 6 and 8). In 2020, the district court vacated Gregory's § 924(c) conviction on Count 8 but did not vacate his conviction on Count 6. Gregory

2

was sentenced to 405 months' time after the Count 8 conviction was vacated, a sentence including 60 months for the Count 6 charge, which was imposed consecutively. According to counsel, Gregory has served approximately 379 months' time and still has 26 months' time left on his sentence—less than the 60 months he was sentenced to for his conviction on Count 6.

On appeal, Gregory argues—and the Government agrees—that his conviction on Count 6 under 18 U.S.C. § 924(c) should be vacated in light of Supreme Court holding in *United States v. Taylor* that attempted Hobbs Act robbery does not constitute a crime of violence under 18 U.S.C. § 924(c). *Taylor*, 142 S. Ct. at 2020. We agree.[1]

As a result, we vacate the judgment of the district court and remand for resentencing.

## II. Reassignment on Remand

Now turning to the reassignment inquiry, we recognize that when considering whether to reassign a case on remand, courts consider:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous [,] . . . (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (per curiam).

The length of time served and the nature of the exchanges between Gregory and the district court judge during sentencing advise reassignment to preserve the appearance of justice. To be clear, we do not hold that the other considerations are of relevance to this conclusion.

---

[1] Gregory also requests resentencing on the alternative bases that his sentence was procedurally unreasonable and that the district court abused its discretion in denying his motion for compassionate release. But Gregory only asks the Court to reach these issues if it declines to vacate Count 6. Reply at 1–2 ("Because the vacatur of Count 6 will require a resentencing on remand, this Court does not need to reach the other two issues on appeal. . . . [B]oth issues provide an independent basis for vacatur of the district court's orders and remand for further proceedings."). Because the Court finds that vacatur of Gregory's conviction on Count 6 is appropriate, the Court declines to consider Gregory's additional arguments.

*      *      *

For these reasons, we **VACATE** the judgment of the district court, direct that the case be **REASSIGNED**, and **REMAND** for further proceedings consistent with this summary order. Considering the Court's vacatur of Gregory's conviction on Count 6, the amount of time Gregory has already served, and the role that the now-vacated Count 6 played in enhancing Gregory's current sentence, it is further **ORDERED** that the mandate shall issue forthwith.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court